UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE A PUCCI,

        Plaintiff,                Case No. 07-10631
                                                          Honorable David M. Lawson

v.

CHIEF JUDGE MARK W. SOMERS, in his
official and individual capacities,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION AND AMENDING ORDER DENYING MOTIONS *IN LIMINE*

Before the Court is the defendant's emergency motion for reconsideration of a part of an order the Court entered on June 9, 2011 denying the parties' motions *in limine*. The defendant asks the Court to reconsider a determination that the defendant did not raise timely the defense theory that a state court plan of reorganization extinguished any property right in continued employment subject to the Due Process Clause. Such a defense could be determined as a matter of law in a motion for summary judgment under Federal Rule of Civil Procedure 56, but the defendant did not file such a motion within the time allowed by the Court. Therefore, it was forfeited.

The defendant argues that his defense is not an affirmative defense that must be raised or waived under Fed. R. Civ. P. 8(c), the defendant did raise this issue in his answer to the plaintiff's second amended complaint in any event, and his late reference to this argument did not prejudice the plaintiff. The defendant also asserts that his failure to raise this issue in a motion for summary judgment is not preclusive because this defense could not be resolved as a matter of law even if he had raised it at the appropriate time.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The defendant has failed to demonstrate a palpable defect in the Court's ruling. First, until his motion *in limine*, the defendant never raised the issue that a court reorganization extinguished the plaintiff's property right in continued employment. The defendant's reference to the court's reorganization in its answer to the second amended complaint, at least with respect to the plaintiff's due process claim, although anecdotal, does not present a counter-argument or defense that the reorganization deprived the plaintiff of her property interest. The Court notes in passing that the operative pleading in this case is the plaintiff's *third* amended complaint, which the defendant has failed to answer, and technically he is in default. However, the plaintiff has not pressed that point, and the matter is proceeding to trial. Second, the defendant does not dispute that he failed to present this argument in a motion for summary judgment. The issue could have been decided as a matter of law, since it required no factual development. Third, this issue was not properly presented in the defendant's answer and the defendant cannot now raise this defense on the eve of trial. By failing to raise this defense at the appropriate time, the defendant has forfeited it.

The defendant points to *Upshaw v. Metro. Nashville Airport Auth.*, 207 F. App'x 516, 519-20 (6th Cir. 2006), as support for the defense. However, *Upshaw* did not address the viability of that

argument as a defense because it was not necessary for resolution under the facts of the case before it. This Court declines the opportunity to expound on this potential defense when it has not been raised properly.

The Court notes that its ruling as stated in its June 9, 2011 order did not preclude reference at trial to the court reorganization action. The defendant may do so in the defense of the claims of denial of due process, retaliation, and discrimination as it bears on the defendant's motivation for his actions.

Accordingly, it is **ORDERED** that the defendant's emergency motion for reconsideration [dkt #95] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 22, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 22, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL