United States District Court
Eastern District of Michigan
Southern Division

Julie Pucci,
     Plaintiff,

vs.

Mark Somers,
     Defendant/Petitioner.

07-cv-10631

Hon. David M. Lawson

_____/

Sanford Plotkin P38691
Attorney for Plaintiff
615 Griswold, Ste. 1116
Detroit, MI. 48226
313-963-4529

Mark W. Somers P35821
*pro se*
24949 Ward
Dearborn, MI. 48124
313-943-3000

_____/

**Objection to Garnishment**
**and**
**Motion for Protective Order**

    I object to the garnishment issued on October 3, 2013, as to Best Bank [Pg ID 4063] stating as follows:

    1. The balance of the account at the time of filing of the garnishment was $115.24.

    2. At this point in time, the only deposits being made into the account are petitioner's bi-weekly payroll deposits from the State of Michigan and deposits of petitioner's paper payroll checks received from the City of Dearborn payroll department.

3. Petitioner is required by his employer, the State of Michigan, to utilize direct deposit for payroll and the next deposit will automatically be made on October 24, 2013. He is desirous of electronically depositing his City of Dearborn payroll checks into the same account.

4. Plaintiff has filed writs of garnishment as to petitioner's wages received from both the State of Michigan and the City of Dearborn payroll departments.

5. At present, while reserving the right to petition for an installment payment order, your petitioner does not intend to object to the wage garnishments provided the withholding is according to law.

6. The maximum withholding/attachment of wages under a periodic garnishment is twenty-five (25%) percent or 30 times the Federal minimum hourly wage prescribed by section 206 (a)(1) of title 29.

7. Garnishment of the account into which direct payroll deposit is made would result in an effective garnishment rate of 100%.

8. Upon inquiry by your petitioner to plaintiff's counsel, it has been indicated plaintiff intends to continue garnishment of petitioner's bank account, subjecting your petitioner to the prospect of recurring (bi-weekly) garnishment, charges for garnishment ($100 fee incurred for the present garnishment), and recurring objections to garnishment and hearings thereon.

9. Petitioner needs some mechanism for receiving post garnishment wages and paying expenses in a timely fashion, and a repetitious process of dual garnishments and objections thereto would be unduly burdensome on petitioner, an inefficient use of Court process and, at some point, would become an abuse of that process.

10. This Honorable Court may enter any order which justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

WHEREFORE, your petitioner prays that this Honorable Court grant such relief at law or in equity as may be available and appropriate to protect the interests of all parties and, specifically, that it enter a protective order providing:

A. That notice and an opportunity to be heard be required to be given to your petitioner prior to the issuance and/or execution of any garnishment or seizure of petitioner's bank account;

B. Such additional and further relief at law or in equity as may be necessary and appropriate to prevent annoyance, embarrassment, oppression, or undue burden or expense to your petitioner.

### Request for Concurrence in Relief Sought

Prior to the filing of these objections and motion your petitioner requested the concurrence of plaintiff's counsel on October 18, 2013, and as of the time of filing such concurrence has not been received.

### Brief in Support of Objections and Motion

In the absence of a stay plaintiff may enforce her money judgment by a writ of execution which "must accord with the procedure of the state where the court is located" unless otherwise provided by federal statute [FRCP 69]. Facially, both the periodic and non-periodic writs of garnishment obtained by plaintiff comport with the procedures provided under Michigan law [MCL 600.4011 *et seq*; MCR 3.101].

**Violation of maximum withholding:** As set forth above, however, plaintiff has indicated the intent to garnish both the petitioner's wages and the account into which

petitioner's wages are directly deposited by his employer, resulting in a 100% seizure of wages 15 USC § 1673(a):

(a) Maximum allowable garnishment

Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

(1) 25 percentum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206 (a)(1) of title 29 in effect at the time earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2). * * *

**Protective Order:** Petitioner seeks this Honorable Court's protection from annoyance, embarrassment, oppression, or undue burden or expense through the Court's exercise of its equitable powers to fashion remedies as may be necessary and proper to prevent such occurrences.

## Verification

I have read the foregoing and the contents thereof are true to the best of my knowledge, information and belief upon such reasonable inquiry as time and circumstances have permitted.

/s/ *Mark W. Somers*
*Pro se*
24949 Ward
Dearborn, MI. 48124
313-943-3000
Email: msomers@ci.dearborn.mi.us

<u>Certificate of Service</u>

I hereby certify that on October 21, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the above.

/s/ *Mark W. Somers*
*Pro se*
24949 Ward
Dearborn, MI. 48124
313-943-3000
Email: msomers@ci.dearborn.mi.us