UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE A. PUCCI,

               Plaintiff,                              Case Number 07-10631

v.                                                        Honorable David M. Lawson

MARK W. SOMERS,

               Defendant.

_____/

## ORDER GRANTING MOTION TO RENEW JUDGMENT

Plaintiff Julie Pucci obtained a money judgment against Mark Somers in June 2011. As a result of post-trial motion practice, the Court vacated that judgment and entered an amended judgment on December 16, 2011. Pucci now moves to renew that judgment, which, she says, remains unpaid, and which otherwise would "expire" after ten years. Defendant Somers contends that Pucci's motion to renew the judgment was filed out of time. The Court disagrees. The motion will be granted.

I.

Generally, federal judgments are effective when entered. *Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 208 (6th Cir. 1996). Congress never established a limitations period governing the duration of a federal judgment's effectiveness; instead, federal courts borrow the forum state's procedures for enforcing judgments. Fed. R. Civ. P. 69. Michigan law states that "an action founded upon a judgment or decree rendered in a court of record of this state" must be brought within ten years. Mich. Comp. Laws § 600.5809(3). A judgment creditor may bring an action to renew a judgment, but she must do so "[w]ithin the applicable period of limitations" set forth in the statute, that is, within ten years. *Ibid.* A motion such as this qualifies as "an action"

under this statute. *Van Reken v. Darden, Neef & Heitsch*, 259 Mich. App. 454, 458, 674 N.W.2d 731, 734 (2003).

The question presented by the parties is whether the plaintiff timely filed her motion to renew the judgment before it "expired." That question, in turn, is answered by determining when the Court entered the final judgment in this case. Pucci says that the final judgment was entered in December 2011. But Somers argues that the ten-year period must be measured from the date that the first, vacated judgment was entered.

Some background may be helpful. In February 2007, Pucci sued Somers, a state court judge, and other defendants, for wrongfully terminating her employment after she complained to a state administrative agency about Judge Somers's use of religion on the bench. The case proceeded to trial against defendant Somers only. The jury returned a verdict for Pucci on her procedural due process and First Amendment retaliation claims. The Court entered judgment on June 30, 2011, awarding Pucci $734,361 in damages.

On July 8, 2011, Somers timely moved for relief from the judgment, seeking "clarification as to the finality of the judgment relating" to Pucci's First Amendment retaliation claim. He asked the Court to determine whether the jury's award on the retaliation claim should stand when evaluated under the balancing test set forth in *Pickering v. Board of Education of Township High School District 205, Will County, Illinois*, 391 U.S. 563 (1968). The following week, defendant Somers filed a motion for judgment as a matter of law, stay, and remittitur, again asserting an argument under *Pickering*.

On October 24, 2011, the Court granted Somers's motion for relief from judgment and vacated the judgment until the Court ruled on the defendant's motion for judgment as a matter of law. Pucci then moved for attorney's fees and prejudgment interest. On December 16, 2011, the

Court rejected the defendant's *Pickering* argument and granted in part the plaintiff's motion for attorney's fees. That same day, the Court entered an amended judgment, adding prejudgment interest in the amount of $21,914.30 and attorney's fees in the amount of $416,850.00, for a total of $1,173,125.30. Somers appealed that amended judgment and the court of appeals affirmed. *Pucci v. Nineteenth Dist. Ct.*, 596 F. App'x 460 (6th Cir. 2015).

On June 21, 2021, Pucci filed her first motion to renew the judgment against defendant Somers, which the Court struck because of procedural violations. Pucci filed another motion on July 13, 2021, which now is before the Court.

II.

Defendant Somers offers two arguments in support of his contention that Pucci's motion is untimely. First, he says that the amended judgment did not void the prior judgment but instead relates back to the original for purposes of the statutory enforcement period. Second, Somers brought his motion for relief from judgment under Rule 60(b), which provides that a motion for relief from judgment does not affect the judgment's finality or suspend its operation. Fed. R. Civ. P. 60(c)(2).

The second argument misapplies Rule 60(c)(2). Under that rule, a *motion* brought under Rule 60(b) does not affect the challenged judgment's finality. But the Court's *ruling*, especially if it vacates the judgment, renders it non-final. "[T]he general rule is that a judgment which is vacated, for whatever reason, is deprived of its conclusive effect." *Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985); *see also Beggs v. Vitori*, No. 295768, 2011 WL 1709831, at *2 (Mich. Ct. App. May 5, 2011) ("Where a judgment has been set aside . . . the former adjudication is not a 'final judgment'"). Here, rather than stay the enforcement of the original judgment, the Court

vacated it "until such time as the Court render[ed] a decision on the defendant's motion for judgment as a matter of law." Order Granting Mot. for Relief from J., ECF No. 118, PageID.3411.

That reality also dooms defendant Somers's first argument. Although the amended judgment did not "void" the first judgment, the Court's order vacating it did. And even if it didn't, an amended judgment relates back to an earlier judgment only if the amendment did not incorporate "material changes." *Robinson v. Sherman Fin. Grp., LLC*, 611 F. App'x 300, 302 (6th Cir. 2015) (citing *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211-12 (1952)). Material changes "change[ ] matters of substance, or resolve[ ] a genuine ambiguity, in a judgment previously rendered. . . ." *FTC*, 344 U.S. at 211. The addition of attorney's fees and interest certainly were material, as they substantially increased the defendant's judgment obligation.

Moreover, defendant Somers himself accepted the amended judgment as the final judgment in the case. For instance, in his motion for relief from the original judgment, he expressly asserted that "entry of the judgment in this matter . . . is premature as Plaintiff's claim under the 1st Amendment — for which the jury awarded damages — may still fail as a matter of law." Mot. Relief from J., ECF No. 105, PageID.1567. Moreover, he did not appeal the jury's verdict until after the Court entered its amended judgment, and his notice of appeal did not reference the original judgment. Notice of Appeal, ECF No. 127. Instead, he appealed only (1) the amended judgment, (2) the Court's opinion and order denying his written motion for judgment as a matter of law; and (3) the Court's decision denying Judge Somers's oral motion for judgment as a matter of law, which he raised at trial. If the judgment became final on June 30, 2011, as Somers now argues, his appeal would have been untimely because he did not file it until January 4, 2012 — well after the 30-pay period prescribed by the Federal Rules of Appellate Procedure. Fed. R. App. P. 4(a)(1)(A). Having contended successfully that the amended judgment was the final judgment in

the case, Somers cannot now change his tune. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (noting that judicial estoppel applies when a party successfully "assumes a certain position in a legal proceeding" and "may not thereafter, simply because his interests have changed, assume a contrary position," particularly if it would prejudice the other party).

### III.

The plaintiff filed her motion to renew the judgment within the time allowed under Michigan law. She has alleged that the judgment remains unpaid, a fact that the defendant does not contest.

Accordingly, it is **ORDERED** that the plaintiff's motion to renew the judgment (ECF No. 252) is **GRANTED**. A renewed judgment will enter.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 12, 2021